*17 The opinion of the Court was delivered by
Wardlaw, J.
The deposition of the agent in Boston showed the extent of the damage suffered by the St. Andrew, but not its cause. Of the fact of collision and its attendant circumstances, there was no evidence besides the transcript of the proceedings had in the District Court of the United States. This we think sufficient. It shows the judgment of a court of competent jurisdiction proceeding 'in rem; and such judgment is binding on all persons interested in the thing upon which the process was served with due warrant .and monition, (2 Brock. 127). Insurers, as persons having interest in the thing which is arrested by the court and made the subject of adjudication, are bound even by the sentence of a foreign prize court: much more by the decree pf the admiralty at home. (I Phil. Ev. 318).
The St. Andrew was, in the course of the proceedings, delivered to these plaintiffs claiming as owners, upon their stipulation; but this did not convert the case into a proceeding in personam. The stipulation was a substitute for the vessel; the claim was upon the vessel, although the owners might have sued personally; the decree was made, not against persons, but against the St. Andrew, and the payment of it under the stipulation, was less hurtful to the insurers than might have been the sale of the vessel under a decree of condemnation.
The decretal order does not itself, set forth the grounds upon which it was made, but these appear fully in the libel. The order declares that “ upon the facts proved and arguments of counsel,” the court adjudged; and it is manifest that until the court was satisfied of the collision and of the negligence charged in the libel, the conclusion of the decree could not have been attained. We are of opinion that the decree is evidence of those facts stated in the libel without proof of which it could not have been made.
The answer, which these plaintiffs, as owners of the St. *18 Andrew, made to the libel, admits the collision, but denies the negligence; yet it does not follow that the decree depended upon the admissions of the plantiffs, for it is impossible that proof of the. circumstances, affecting the contested question of negligence, could have been given, without its involving proof of the collision.
Taking it to have been established, according to the allégations of the declaration in this case, that a collision took place through the negligence of the crew of the vessel insured, we are brought to the questions concerning the extent of the liability thereby cast upon the insurers. These questions are, first, as to the hurt done to the insured vessel itself, and second, as to the charge brought upon the insured vessel for the hurt done to the other one.
First. These defendants have zealously contended that the negligence shown exempts them from all liability. Earlier English cases give some countenance to this position, and it was maintained after much discussion in Grim vs. Phoenix Ins. Co., 13 John S. R., 451; but many later cases, both in England and the United States, have firmly established the doctrine that if the vessel is sea-worthy and the master and crew competent, no negligence of the master and crew, not barratrous, which leads to a peril within the policy, constitutes a defence for the insurers against their responsibility for the damage done by that peril. (Redman vs. Wilson, 14 Mees. & Wels. 476; Dixon vs. Sadler, 8 Mees & Wels. 895; 5 Mees. & Wels. 405; Busk vs. Royal En. Co., 2 B. & Ald. 72; Patapsco Ins. Co. vs. Coulter, 3 Pet. 222; Columbian Ins. Co. vs. Lawrence, 10 Peters, 507; Waters vs. Merch. Louisville Ins. Co., 11 Peters, 213; 2 Arnould on Insurance, 768.) Causa próxima non remota spectatur. A policy of insurance is construed so as to preserve its practical usefulness without nice metaphysical refinements. If a peril that is insured against has been the immediate cause of damage, the purpose of insurance would be defeated, and the general principle, *19 upon which courts refrain from considering the “ causes of causes” would be violated, by looking behind this peril for its cause. If we could ask what led to a collision, that has itself done hurt, then we might with equal propriety ask why a hidden rock was struck, and show that the master neglected to consult his chart; or in considering any other case of a peril encountered, listen to evidence of careless navigation.— The insurers expressly insure against barratry, and may well be supposed to have excluded themselves from the right to urge in their defence any inferior degree of blameable conduct on the part of the master and crew. They have not insured against negligence, and therefore for damage of which negligence is the immediate cause they will not be answerable; but when a peril of the sea has been the immediate cause and would have been operative whether there had or had not been negligence, the law does not create an exception which is not in the words of the policy, and all inquiry beyond the peril is superfluous. Upon this distinction rest such cases as that where a vessel slightly damaged by stranding was lost by the neglect of the master to repair; the insurers being held liable for the damage done by the stranding, but not for the more serious loss which came directly from negligence. (Tanner vs. Bennett, Ryan & Mood, 182; Copeland vs. N. E. Mar. Ins. Co., 2 Metc. 432). In the case before us the insurers were properly held answerable for the hurt received by the St. Andrew, for that came from collision, and to recover for it nothing but collision need have been averred. Collision on the sea is generally a peril of the sea, (2 Arnould on Insur. 803 ; 2 Story’s C. C. R. 184); however induced it proceeds from the action of the winds and waves; if it may not be properly called a peril of the sea when it is induced by the fault of the insured vessel, it is a peril of a similar kind, which comes within the words “ all other perils, losses and misfortunes,” which the general clause of the policy contains.
*20 Second. — Are the insurers answerable for the charge or lien which the collision, occasioned by the negligence of the crew of the St. Andrew, brought upon that vessel, to meet the damage done the Ellen Maria? In Devaux vs. Salvador, 4 Adolph. & Ell., 420, there was brought upon an insured vessel a charge, which had been adjusted by arbitrators according to a rule said to be in the law of nations, that divides equally the aggregate loss, when a collision takes place between two vessels by mutual fault — Lord Denman, in holding the insurers not liable, considered the charge to be neither a necessary nor a proximate effect of the perils of the sea, but said “ it grows out of an arbitrary provision in the law 'of nations.” In weighing this opinion, full force ought to be given to the mutual fault, as something indispensably necessary to be added to the collision, before the rule of equal division becomes applicable. A like division of the aggregate loss was presented in the case of Peters vs. The Warren Ins. Co., 14 Pet., 99; but there the adjustment had been made by the decree of a Court and according to a local law of Hamburg, and the decree had' ascertained that both vessels were innocent of fault or carelessness. The opinion of the Supreme Court of the United States was pronounced by Judge Story. He seems to have considered the circumstances of difference between the case before him and that of Devaux vs. Salvador as wholly immaterial, and to have been dissatisfied with the latter case. “In all foreign voyages,” he said, “ the underwriters necessarily have it in contemplation that the vessel insured must, or at least may be, subjected to the operation of the law of the foreign ports which are visited.” He treated as an over-refinement, savoring more of metaphysical, than of legal reasoning, the notion that the law, which prescribes the rule of liability, any more than the decree, which ascertains disputed facts, or the officer who executes the decree, can be considered the proximate cause of the loss, which has been legally paid as the consequence *21 of what existed at the moment of collision. The collision 'he held to be “the sole proximate cause of the loss, the contri- “ bution or charge- upon the insured vessel being only a “ necessary consequence thereof; an incident inseparably “ connected therewith in contemplation of law; a damage “ immediate, direct and positive thence ensuing.” He adopted the doctrine deduced from the writings of learned continental jurists, that “whenever the thing insured becomes by law directly chargeable with any expense, contribution, or loss, in consequence of a particular peril, the law treats that peril, for all practical purposes, as the proximate cause of such expense, contribution, or loss.” Subsequently, the case of Hale vs. The Washington Ins. Co., 2 Story, C. C. Rep. 176, involving an amount too small for an appeal to the Supreme Court,) came to judgment in the Circuit Court of the United States for the District of Massachusetts, before Judges Story ^ and Davis. That case, like the one now brought before us, in all material particulars, involved a claim against the insurers for.a charge brought upon the insured vessel by a collision, which had been occasioned by her own negligence. Judge Story, in his opinion, declared that the case of Peters vs. The Warren Ins. Co. covers the case of “a mutual loss to both ships by a collision, which is properly chargeable and apportionable on both in rem., whether that loss be by accident or by mutual fault;” and having shown that negligence of the insured is no defence against the responsibility of the insurers for the immediate danger produced by a collision which the negligence occasioned, he considered that Peters vs. The Warren Ins. Co. had shown that the collision was the proximate cause of all losses that came in consequence of it, and he held the insurers answerable for the charge brought upoD the insured vessel, just as if the charge had been impressed upon the vessel at the instant of collision. A similar decision of the same question, in a like case, was made in the Supreme Court of Massachusetts, in *22 Nelson vs. The Suffolk Ins. Co., 8 Cush. 477. Judge Fletcher, who there pronounced, the opinion of the Court, in an elaborate opinion, expanded the views which had been taken by Judge Story, and parried the arguments that had been urged against them. Soon afterwards, Judge Curtis, who had been of counsel for the defendants in both of the two cases last mentioned, delivered the opinion of the Supreme Court of the United States in the case of The General Mutual Insur. Co. vs. Sherwood, 14 How. 351. This overrules the case of Hale vs. The Washington Ins. Co., puts Peters vs. The Warren Ins. Co. on the ground of “ collision without fault, which was the sole cause of the loss, if the loss was met,” and takes from Nelson vs. The Suffolk Ins. Co. the only authorities on which it rests. All precedent for the claim against the insurers, for the charge brought upon the insured vessel by a collision occasioned by the negligence of her own crew, is thus taken away, if we respect the authority of the Supremo Court of the United States on this question. And as the question is one upon which uniformity of decision throughout the whole country is specially desirable, we would yield grave doubts to conform to the decision of it which has been made by that high tribunal, so familiar with the subjects involved in it. But the argument of Judge Curtis is itself sufficient to overcome the doubts which induced the instructions that were given in this case on the circuit, before the case of the Gen. Mut. Ins. Co. vs. Sherwood was seen.
Mere collision could have brought no charge on the vessel insured. The negligence of its own crew was indispensable to the establishment of that charge: that, then, was the cause. The collision followed the negligence, to be sure; but the collision without the negligence would have been inoperative, as the negligence without the collision would have been. It cannot then be said that the charge was a necessary consequence of a peril insured against. Something else was essential to its production, and that something else was not *23 insured against. Considerations of long established usage, and of sound policy peculiarly applicable to this country, aid the conclusion which technical reasoning attains: but for all these we refer to the case last mentioned. ’
There was, then, error in the instructions given on the circuit; and the verdict is wrong so far as it finds for the plaintiffs the sum paid by them in satisfaction of the decree which was rendered against the St. Andrew for damage done by the collision to the Ellen Maria.
It is ordered that a new trial be granted, unless the plaintiffs shall, before or during the next term of the Circuit Court, enter a remittitur of so much of the verdict as finds for the plaintiffs money paid by them on the decree; that is a remittitur of three thousand and eighty-five dollars and sixty-five cents, ($3,085 65,) with interest thereon from the twenty-fifth day of December, one thousand eight hundred and fifty-four, (25th December, 1854.)
Motion granted nisi.
O’Neall, Withers, Whitner and Glover, JJ.; concurred.

Motion granted nisi.